UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY ARRINGTON,

    Plaintiff,

v.                                      Case No. 2:10-CV-177

UNKNOWN WICKSTROM, et al.,         HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendants Jacobson, Snow, and Wickstrom have filed Objections to the Report and Recommendation ("R & R") issued on February 21, 2012, in which Magistrate Judge Greeley recommended that the Court deny Defendants' motion for summary judgment on Plaintiff's retaliation claims because an issue of fact remains as to whether Defendants retaliated against Plaintiff. Plaintiff has filed a response to Defendants' Objections and submits a declaration from prisoner Kentrail Small in support of Plaintiff's retaliation claim. In his R & R, the magistrate judge clarified Plaintiff's claims as follows: (1) Plaintiff is not asserting a due process claim based on his placement in administrative segregation; and (2) Plaintiff is not asserting an Eighth Amendment claim based on alleged verbal harassment by Defendants Jacobson, Snow, and Wickstrom. (R & R at 4, 7.) The magistrate judge also concluded that, to the extent Plaintiff is alleging an Eighth Amendment sexual harassment claim against Defendant Haataja, the alleged conduct is insufficient to state a claim under the Eighth Amendment. (*Id.* at 9.) In addition, the magistrate judge concluded that Plaintiff's official capacity claims are barred by the Eleventh Amendment. (*Id.* at 10-11.) The magistrate judge concluded that disputed issues of fact remain with regard to Plaintiff's retaliation

claim against Defendants Jacobson, Snow, and Wickstrom and Plaintiff's separate retaliation claim against Defendant Haataja, which is not a part of Defendants' objections.

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted and Defendants' Objections should be overruled.

Defendants first contend that the magistrate judge erred in recommending that the Court deny summary judgment on Plaintiff's retaliation because Plaintiff was found guilty on one major misconduct charge and pled guilty to the second major misconduct charge. Defendants contend that the magistrate judge should have found that the Plaintiff's convictions on the misconduct charges preclude his claim that Defendants retaliated against him by filing false misconduct charges. Defendants cite *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005), in which the court stated that "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Id.* at 662 (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th cir. 1994)). But as the magistrate judge noted, and as Plaintiff confirms in his response, the act that forms the basis of Plaintiff's retaliation claim is not the misconduct charge, but Defendant Jacobson's planting of false evidence in Plaintiff's cell. *See Scott v. Churchill*, 377 F.3d 565, 571-572 (6th Cir. 2004) (noting that under *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), a defendant could be liable for retaliation in framing an inmate on a false misconduct charge "[e]ven [if] the false misconduct charge [was] sustained"). Thus, the magistrate judge did not err in failing to conclude that the misconduct convictions bar Plaintiff's retaliation claim.[1]

---

[1] Contrary to Defendants' argument, the magistrate judge did address their argument that Plaintiff's convictions bar his retaliation claim. (R & R at 6.)

2

Defendants next argue that the magistrate judge erred in concluding that an issue of fact remains as to whether Defendant Jacobson made retaliatory statements. Defendant argues that Plaintiff never said that he could prove these matters, but only that he might be able to obtain such evidence if given the opportunity to obtain discovery. Although Plaintiff has never requested discovery, the magistrate judge properly concluded that an issue of fact exists regarding retaliatory statements made by Defendant Jacobson. In making this argument, Defendants overlook Plaintiff's affidavit that he filed in response to Defendant's motion, which supports his version of events. In addition, the Small affidavit that Plaintiff has submitted as part of his response to Defendants' Objections provides some factual support for his assertions.

Finally, Defendants contend that there is no basis in the record for the magistrate judge's conclusion that there is a dispute about to whether Defendant Jacobson planted contraband in Plaintiff's cell. While it is true that Plaintiff has never expressly alleged as much, Plaintiff's allegations, construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), indicate that he is alleging that Defendant Jacobson retaliated against him by planting contraband in his cell. Plaintiff alleges that on May 19, 2009, shortly before Defendant Jacobson wrote the misconduct ticket for possession of contraband, Defendant Jacobson told him that filing lawsuits would cause more pain than grief; when Plaintiff inquired what Defendant Jacobson meant, Defendant Jacobson told Plaintiff that Plaintiff would see shortly. Plaintiff's statement in his response that he can present evidence showing that sergeants never shake down cells at AMF suggests that Jacobson's search of Plaintiff's cell was unusual. Although Plaintiff's evidence is entirely circumstantial and perhaps not overwhelming, the Court concludes that it is sufficient to permit a jury to find that Defendant Jacobson planted contraband in Plaintiff's cell in retaliation for Plaintiff's April 21, 2009, grievance. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 21, 2012 (docket no. 43 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 26) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** with regard to Plaintiff's Eighth Amendment sexual harassment claim against Defendant Haataja and with regard to Plaintiff's official capacity claims.  The motion is **denied** with regard to Plaintiff's retaliation claims against Defendants.


 Dated:  March 27, 2012                               /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE


**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 21, 2012 (docket no. 43 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 26) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** with regard to Plaintiff's Eighth Amendment sexual harassment claim against Defendant Haataja and with regard to Plaintiff's official capacity claims.  The motion is **denied** with regard to Plaintiff's retaliation claims against Defendants.

 Dated:  March 27, 2012                               /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE